| |
|---|
| **American Bridge Co. v Contract Dispute Resolution Bd. of the City of N.Y.** |
| 2024 NY Slip Op 34254(U) |
| December 3, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154956/2024 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:**    <u>HON. LYLE E. FRANK</u> | **PART**    **11M** |
| *Justice* | |

----------------------------------------------------------------------------X

AMERICAN BRIDGE COMPANY,

                 Petitioner,

               - v -

THE CONTRACT DISPUTE RESOLUTION BOARD OF
THE CITY OF NEW YORK, THE CITY OF NEW YORK,
YDANIS RODRIGUEZ, AS COMMISSIONER OF THE
DEPARTMENT OF TRANSPORTATION OF THE CITY OF
NEW YORK

                 Respondent.

----------------------------------------------------------------------------X

| |
|---|
| **INDEX NO.**    <u>154956/2024</u> |
| **MOTION DATE**    <u>05/28/2024</u> |
| **MOTION SEQ. NO.**    <u>001</u> |
| |
| **DECISION + ORDER ON MOTION** |

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 34, 64, 65, 66

were read on this motion to/for        <u>ARTICLE 78 (BODY OR OFFICER)</u> .

      Petitioner brings this special proceeding pursuant to Article 78 of the CPLR to challenge the January 29, 2024 Memorandum Decision ("Decision") of the Office of Administrative Trials and Hearing, Contract Dispute Resolution Board ("CDRB"). The CDRB dismissed petitioner's petition that sought additional compensation for the removal and replacement of questionable weld starts. Petitioner now seeks to vacate that Decision. Respondents oppose the instant petition. For the reasons set forth below the petition is denied.

<u>Background</u>

      The parties, petitioner American Bridge Company ("AB") and the respondents the City of New York, through its agency the Department of Transportation ("DOT"), entered into a contract, whereby AB agreed to perform the replacement of upper roadways of the Ed Koch Queensboro Bridge (the "Bridge"), together with all work incidental thereto.

[* 1]

Pursuant to Section 6 of the Contract's general provisions, AB was required to provide workmanship "of the highest quality." Section 7 of the Contract's general provisions required AB to supply all materials and labor necessary for the "proper operation and perfect completion of the entire Work." This dispute involves the portion of the Contract, entitled "Fabricated Structural Steel – Orthotropic Roadway Deck," which requires the Contractor to "fabricate, store, deliver to the site, and install orthotropic steel deck sections, diaphragms, and appurtenant materials as shown on the contract drawings and as specified herein." American Bridge subcontracted with Haberle Steel Inc. ("Haberle") to produce orthotropic deck panels.

In April 2020, Haberle reported that it had used the wrong settings on the welding machine, thus deviating from the approved fabrication procedures, which caused cracks. Haberle then identified January 27, 2020, to April 20, 2020, as the time frame when the incorrect gantry settings were in effect, however cracks were found in welds installed both prior to and after the timeframe specified. DOT then required AB to remove all the weld starts from the beginning of the project, 4, 400, to ensure that there were no cracks.

Standard of Review

Article 78 review is permitted, where it is alleged a determination was made "in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion…." NY *CPLR* §7803(3). "Arbitrary" for the purpose of the statute is interpreted as "when it is without sound basis in reason and is taken without regard to the facts." *Pell v Board of Ed. of Union Free School Dist. No. of the Towns of Scarsdale and Mamaroneck, Westchester Cty.* 34 NY2d 222, 231 [1974].

A court can overturn an administrative action only if the record illuminates there was no rational basis for the decision. *Id.* "Rationality is what is reviewed under both the substantial

evidence rule and the arbitrary and capricious standard." *Id.* If the court reviewing the determination finds that "[the determination] is supported by facts or reasonable inferences that can be drawn from the records and has a rational basis in the law, it must be confirmed." *American Telephone & Telegraph v. State Tax Comm'n* 61 NY2d 393, 400 [1984].

It is well established that the court should not disturb an administrative body's determination once it has been established that the decision is rational. See *Matter of Sullivan Cnty. Harness Racing Ass'n, Inc. v. Glasser*, 30 NY2d 269 [1972]; *Presidents' Council of Trade Waste Assns. v New York,* 159 AD2d 428, 430 [1st Dept 1990].

Discussion

In support of its petition, petitioner contends that the Decision was affected by errors of law because it determined that DOT had the right, pursuant to the contract, to direct that the weld starts be removed and replaced, based on the language in the contract that all workmanship shall be of the "highest quality," and because DOT had concerns that the already-installed weld starts may have had internal cracking, that it could direct AB to remove and replace them without additional compensation. AB contends that this was an error because the contract provided for a non-destructive inspection, and pursuant to that inspection the welds passed.

Further, AB contends that although the removal of the welds was within DOT's authority pursuant to the Contract, the fact that 4,400 welds were replaced and only 70 of them were defective entitles AB to compensation for extra work for removing welds that were not defective. Petitioner also contends that the CDRB erred in its determination that the cracks were not caused by defective design.

In opposition respondents contend that the CDRB rationally and correctly interpreted the Contract, which required that AB provide workmanship of the highest quality and achieve

perfect completion of the Work. Respondents contend that applying these provisions of the contract to the facts of this matter, the CDRB reasonably determined that AB was obligated to remove and replace the questionable weld starts at its own cost.

The Court agrees and finds that petitioner has not met its burden that the CDRB's decision was irrational or arbitrary and capricious. Rather, this Court finds that the decision is rational and consistent with the terms of the contract between the petitioner and respondents. It is undisputed that cracks were found before and after the time periods specified by the subcontractor and based on the plain language of the contract AB was to provide the highest quality of work, something that could not be determined absent the removal of the subject welds.

The Court is not persuaded by the argument that *only* 70 welds were found to have cracks and thus DOT should be required to pay for the remaining welds as extra work, because absent the removal of the welds those cracks would not have been discovered, thereby establishing that AB's work was not that of the highest quality and not perfect completion of the work.

As to the contentions that the CDRB did not appropriately consider petitioner's argument regarding a design flaw, the Court finds that the CDRB did in fact consider and substantively address that argument and it's finding is rational and reasonable and therefore should not be disturbed. Accordingly, it is hereby

ADJUDGED that the petition is denied.

20241203134919LFRANK04949943AFE4457CB65EA90ACD17038E

| __12/3/2024__ | | | | |
|---|---|---|---|---|
| **DATE** | | | **LYLE E. FRANK, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |